SACKS (MANN v.). See Case No. 9,035.

SA–COO–DA–COT (UNITED STATES v.). See Case No. 16,212.

---

## Case No. 12,205.

### SACRIDER v. BROWN.

[3 McLean, 481.] [1]

Circuit Court, D. Michigan. Oct. Term, 1844.

NOTES—DEMAND—PROTEST—NOTARY'S CLERK.

1. The clerk of a notary, strictly, is not authorised to present a bill for payment.

[Cited in Browning v. Andrews, Case No. 2,-040.]

2. In London and Liverpool, under a long established usage, the clerk makes a demand.

3. The protest must be made by the notary. If his name be used by the clerk, it is improper and cannot make the protest valid.

[Cited in Com. Bank of K. v. Barksdale, 36 Mo. 572.]

At law.

Mr. Hand, for plaintiff.
Mr. Collens, for defendant.

McLEAN, Circuit Judge. This action is brought against the defendant as an indorser of a foreign bill of exchange; and the only question raised in the case is, whether the

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

demand of payment and protest for non payment were legally made. The demand and protest were made by the clerk of the notary, using the name of the notary, but without his knowledge or direction.

In the case of Leftley v. Mills, 4 Term R. 175, Justice Buller said: "The next and the material part is the making of the demand; the party making the demand must have authority to receive the money. * * * It is material, too, to consider by whom the demand was made in this case; I am not satisfied that it was a proper demand, for it was only made by the banker's clerk. The demand of a foreign bill must be made by a notary public; to whom credit is given because he is a public officer."

Mr. Chitty, in his treatise on Bills (page 333), states the above and adds: "But the number of bills requiring presentment is frequently so great as to render a presentment by the notary himself impossible, and the constant practice is, for the clerk to make the presentment." "In case there be not any public notary at the place where the bill is dishonored, it is expressly provided by 9 & 10 Wms. III., c. 17, § 1, as to inland bills, that they may be protested for non payment by any substantial person at that place, in the presence of two or more witnesses." The statement by Mr. Chitty that a demand of payment must be made by a notary and not by his clerk, caused a correspondence between him and the association of notaries for Liverpool, which afterwards included the notaries of London. From this it appeared that it had long been the practice in London and Liverpool, for the clerks of notaries to present bills for acceptance or payment. While Mr. Chitty admitted the practice, he still adhered to his original statement, and in page 465, when considering whether the clerk of a notary can, under the above statute, make the demand of payment, he says it is doubtful, though such is the practice. Again, Mr. Chitty says (page 477): . "The established custom of merchants requires, that a formal demand of payment shall be made within the business hours of the last day of grace, by a notary, being a known public officer of experience, and sworn to do his duty," &c. In a case in New York it has lately been decided that a notary's clerk cannot present a bill for payment, but that the presentment must be made by the notary. 3 Hill, 53; 4 Hill, 129.

Now if it were admitted that a notary's clerk may make a demand of payment, yet it is very clear that the clerk cannot make the protest. This must be done by the officer who acts under oath, and to whose official acts duly certified the law gives verity. The use of the name of the notary, without his consent or knowledge, was a gross impropriety and can add nothing to .the protest. It was void when made, and time has not given it validity. We think the protest for non payment is not established by the evidence. Judgment for the defendants.